**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JOSEPH SANCHEZ,**

    **Plaintiff,**

**v.**                                                                                              **No. 20-cv-0711 SMV/LF**

**ALON USA, LP; ALON USA GP, LLC;**
**DELEK U.S. HOLDINGS INC.; DK;**
**7-ELEVEN, INC.;[1] SOUTHWEST**
**CONVENIENCE STORES, LLC;**
**K E ANDREWS & COMPANY; and JOHN DOES;**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1], filed by Defendant Southwest Convenience Stores, LLC ("SCS") on July 16, 2020. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Specifically, the Notice does not properly allege the citizenship of Plaintiff; Alon USA, LP; and Alon USA GP, LLC. Therefore, the Court will order SCS to file an amended notice of removal no later than **August 19, 2020,** if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

---

[1] The parties stipulated to the dismissal of Defendant 7-Eleven, Inc. on July 17, 2020. [Doc. 7].

## BACKGROUND

On May 6, 2020, Plaintiff filed his Complaint in state court. [Doc. 1-1] at 1. He asserted personal-injury claims against, among other entities, Alon USA GP, LP. *Id.* at 1. He amended the Complaint on July 7, 2020, asserting claims against Alon USA, LP; Alon USA GP, LLC; Delek U.S. Holdings Inc.; DK; 7-Eleven, Inc.; SCS; K W Andrews & Company; and John Does. *Id.* at 6. His Amended Complaint asserts no claim against Alon USA GP, LP, effectively replacing it with Defendants Alon USA, LP and Alon USA GP, LLC. *See id.*

On July 16, 2020, SCS filed its Notice of Removal. [Doc. 1] at 1–5. The Notice asserts that subject-matter jurisdiction exists because there is complete diversity between Plaintiff and Defendants and that the amount in controversy exceeds $75,000. *Id.* In support of its claim of diversity of citizenship, SCS asserts that Plaintiff is a citizen of New Mexico because he is a "resident" of Bernalillo County, New Mexico. *Id.* at 2. SCS then alleges that: It is a citizen of Texas and Delaware; Delek U.S. Holdings Inc. is a citizen of Delaware and Tennessee; DK is not an entity with citizenship for diversity purposes; 7-Eleven, Inc. is a citizen of Texas; and K E Andrews & Company is not an entity with citizenship for diversity purposes.[2] [Doc. 1] at 2–3. SCS does not allege the citizenship of Defendants Alon USA, LP and Alon USA GP, LLC. *See id.* at 1–5. Rather, it focuses on the citizenship of former party Alon USA GP, LP, alleging that it does not exist and therefore does not have a citizenship for diversity purposes. *Id.* at 3.

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*,

---

[2] Alternatively, SCS alleges that K E Andrews & Company is a citizen of Texas. [Doc. 1] at 3–4.

248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a) (2018).  When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought.  *See* § 1441(a), (b).  Jurisdiction under § 1332 requires diversity of *citizenship*.  The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).  Domicile, the equivalent of State citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company or limited partnership is different from determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of the State in which it is incorporated and in which it maintains its principal place of business.  *See* § 1332(c). Limited liability companies and other unincorporated associations, however, are treated as partnerships for citizenship purposes and are, therefore,

citizens of each and every State in which any member is a citizen. *Siloam Springs*, 781 F.3d at 1234; *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 906 (10th Cir. 2015).

Here, the facts set forth in the Amended Complaint and in the Notice of Removal do not sufficiently establish the citizenship of Plaintiff or Defendants for two reasons. First, both the Amended Complaint and the Notice indicate that Plaintiff is a "resident" of New Mexico and do not mention his citizenship. *See* [Doc. 1] at 2; [Doc. 1-1] at 6. Because these allegations do not establish that Plaintiff is domiciled in New Mexico, they fail to establish that diversity jurisdiction exists. *See Middleton*, 749 F.3d at 1200.

Second, SCS fails to allege the citizenship of Defendants Alon USA, LP and Alon USA GP, LLC. Though it alleges the citizenship of Alon USA GP, LP, Plaintiff no longer asserts any claim against this entity. Without knowing the citizenship of two Defendants, the Court cannot assure itself that subject-matter jurisdiction exists. The Court will grant SCS leave to amend the Notice of Removal to remedy the above deficiencies.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Southwest Convenience Stores, LLC amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **August 19, 2020**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **August 19, 2020**, the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**